NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK MOERS, | No. 19-15256 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01418-JCM-NJK |
| v. | |
| JOSH MCCALLISTER REID; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 7, 2020[**]
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,[***]
District Judge.

Patrick Moers appeals from the district court's order granting the

defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b). We

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]  The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

affirm.

**1.** The district court properly dismissed Moers's federal claims with prejudice under Rule 12(b)(6). The separation agreement Moers signed released all of his claims under 42 U.S.C. § 1983 against all of the defendants.[1] The release provision covers "the City and each of its City Councilmembers, agents, employees, representatives, attorneys, and all persons acting through or in concert with any of them." Contrary to Moers's argument, the defendants plainly fall within the scope of the release, despite not being specifically named. The provision releases "any and all matters, causes of action, charges, complaints, [and] claims, . . . whether known or unknown, arising from or relating to, directly or indirectly, [Moers's] employment with and separation from the City." All of Moers's § 1983 claims fall squarely within this language, as they all arise from the defendants' alleged participation in an unlawful scheme designed to oust Moers as chief of police.

Moers argues that the release is invalid because it had to be executed by the city council rather than the city manager. According to Moers, the city manager lacked authority to execute a severance agreement with him because the city manager has no supervisory powers over executive officers appointed directly by

---

[1] Moers voluntarily signed the separation agreement while represented by counsel. We therefore reject Moers's argument, raised for the first time in his reply brief on appeal, that he signed the agreement under duress.

the city council. *See* Henderson Municipal Code § 2.10.020(A); Henderson City Charter art. I, § 1.090. That argument is without merit. The city council does not directly appoint the chief of police; the city manager does. Henderson Municipal Code § 2.10.020(C)(1). Accordingly, the city manager—who has general supervisory powers, including the authority to execute severance agreements, over all departments of the City—was authorized to execute Moers's separation agreement. *See id.* §§ 2.10.020(A), 2.10.040(G).

**2.** The district court did not err in dismissing without prejudice Moers's state law claims because Moers failed to name the State or appropriate political subdivision as a defendant. *See* Nev. Rev. Stat. § 41.0337(1).

**AFFIRMED.**